UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-81232-MC-Ryskamp/Vitunac

MUHAMMAD A. KHAN,

    Plaintiff,

vs.

JERRY STIFFEL,

    Defendant.
_____/

FILED by _____ D.C.

APR 1 8 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Order of Reference (DE 21) from U.S. District Judge Kenneth L. Ryskamp "for all matters, to take all necessary and proper action as required by law, and/or to submit a Report and Recommendation to this Court." Pending before the Court are the following motions by Defendant: Motion to Have Arbitration Award Converted to a Judgment (DE 19), and Motion to Determine Interest Rate (DE 20).[1] Plaintiff failed to timely respond, and the matter is ripe for review.

## BACKGROUND

In July 2008, Defendant hired Plaintiff's firm, Bluechip Securities, Inc., to provide him with brokerage services. The relationship was short-lived, and in March 2009, Defendant commenced arbitration proceedings before the Financial Industry Regulatory Authority (FINRA)

---

[1] Both parties are *pro se* and each has filed numerous, duplicative documents. Defendant's instant motions are comprised of a single handwritten paragraph. Consistent with its obligation, the Court has liberally construed this *pro se* filing.

1

against Plaintiff and Bluechip Securities, alleging misrepresentations, suitability, and churning. (DE 1-2, at 13). On October 1, 2010, a three-member FINRA arbitration panel held Plaintiff and Bluechip Securities "jointly and severally liable on the claim of churning" and awarded Defendant $97,030.00 in compensatory damages, plus $300 as reimbursement for the claim filing fee (Id. at 14). On October 19, 2010, Plaintiff moved this Court to vacate the arbitration award, asserting that the arbitrators wrongfully refused to postpone the final arbitration hearing. (DE 1).

On February 28, 2011, the undersigned entered a report (DE 14) recommending that the Court deny Plaintiff's motion to vacate the award because the arbitrators reasonably refused to postpone the hearing for a third time. On March 11, 2011, the Court adopted the report (DE 18). In his instant motions, filed March 22, 2011, Defendant asks the Court to convert the arbitration award to a judgment and determine the interest accrued (DE 19 & DE 20).

## DISCUSSION

The Federal Arbitration Act empowers the Court to confirm an arbitration award by entering an order and judgment upon same. Upon timely application by any party, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. "The Federal Arbitration Act ... imposes a heavy presumption in favor of confirming arbitration awards. ... As a result, a court's confirmation of an arbitration award is usually routine or summary." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1288 (11th Cir. 2002); see also AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc., 508 F.3d 995, 999 (11th Cir. 2007). Moreover, a "district court judgment affirming an arbitration award is governed by statutory post-judgment interest rates." Parsons & Whittemore Alabama Machinery & Services Corp. v. Yeargin Const. Co., 744 F.2d 1482, 1484

(11th Cir. 1984). Under federal law, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Such interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding ... the date of the judgment." Id.

The Court has denied Plaintiff's motion to vacate the arbitration award. Plaintiff articulates no basis for avoiding confirmation of the award, and the record reflects no facts or circumstances to overcome the heavy presumption in favor of confirmation. Accordingly, the Court should confirm the FINRA arbitration award and convert it to final judgment for Defendant in the amount of $97,330.00 ($97,030 in compensatory damages plus $300 reimbursement for the claim filing fee), plus post-judgment interest accruing at the statutory rate from the date of final judgment forward.

## RECOMMENDATION TO THE DISTRICT COURT

Based on the foregoing, this Court respectfully RECOMMENDS that the District Court:

(1) GRANT Defendant's Motions to Convert Arbitration Award to Judgment and Determine Interest Rate (DE 19 & DE 20),

(2) CONFIRM the FINRA arbitration award dated October 1, 2010, and

(3) ENTER FINAL JUDGMENT for Defendant in the amount of $97,330.00 plus post-judgment interest accruing at the statutory rate from the date of final judgment forward.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation

with the Honorable U.S. District Judge Kenneth L. Ryskamp, within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See U.S. v. Warren, 687 F.2d 347, 348 (11th Cir.1982), cert. denied, 460 U.S. 1087 (1983).

    DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 18 day of April, 2011.

                                              ANNE E. VITUNAC
                                              United States Magistrate Judge

Copies to:
U.S. District Judge Kenneth L. Ryskamp
All parties of record